UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUMANTA BANERJEE,<br><br>Plaintiff,<br><br>v.<br><br>JOHN J. HASSETT & TUCKERBROOK<br>ALTERNATIVE INVESTMENTS, LP,<br><br>Defendants. | CASE NO. 10-CV-10894-WGY |

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT
## WITH INCORPORATED MEMORANDUM IN SUPPORT

Defendants John J. Hassett ("Mr. Hassett") and Tuckerbrook Alternative Investments, LP, ("Tuckerbrook") move this Court to dismiss Plaintiff Sumanta Banerjee's ("Mr. Banerjee") complaint against them pursuant to Fed. R. Civ. P. 8(a)(2) for proffering insufficient pleadings and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Mr. Hassett is not even a party to the Agreement upon which the Plaintiff bases his claims. Plaintiff's claims against Tuckerbrook also fail as a matter of law because Plaintiff has failed to allege any facts to support his conclusory allegations and the allegedly disparaging statements are all privileged as a matter of law.

### FACTS AND ALLEGATIONS

Mr. Banerjee was formerly a portfolio manager for two of Tuckerbrook's proprietary hedge funds (the "Funds"). Banerjee, however, violated the non-competition, intellectual property, and confidentiality clauses of his employment agreement by, among other things:

- trying to steal the Funds and new funds Tuckerbrook was developing;

- divulging confidential information and work product of Tuckerbrook to its competitors and potential employers;

- retaining Tuckerbrook's confidential information after his separation from Tuckerbrook;

- claiming as his own Tuckerbrook's legal, analytical, performance and marketing materials;

- disparaging Tuckerbrook during and following his employ; and

- encouraging and enabling other Tuckerbrook employees to leave their employ and steal Tuckerbrook's intellectual property.

Accordingly, Tuckerbrook sued Banerjee in this Court in an action titled, Tuckerbrook Alternative Investments L.P. v. Sumanta Banerjee, C.A. No. 08-10636-PBS ("Tuckerbrook v. Banerjee I"). On September 23, 2008, the parties entered into a settlement agreement ending the lawsuit.

The material terms of the settlement were read into the record under seal at mediation before Magistrate Judge Timothy S. Hillman in Tuckerbrook v. Banerjee I. The terms of the agreement were confidential, but generally provided, among other things, that Banerjee would not compete with Tuckerbrook in any way or interfere with Tuckerbrook for a year after the date of the settlement. The parties also agreed to a mutual non-disparagement clause. Defendant John Hassett was not a party to the agreement.[1] Carnathan Aff. Ex. A.

---

[1] Banerjee notably fails to attach to his complaint a copy of the agreement upon which he bases his claims. Because the settlement agreement is at the core of his claims, however, this Court is nevertheless entitled to consider it on this Motion to Dismiss. Waterson v. Page, 987 F.2d 1, 3 (1993); see also Harhen v. Brown, 431 Mass. 838, 840 (2000), citing Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996). (The "court may consider documents referenced in [the] plaintiff's complaint without

2

In the course of discovery in a separate proceeding filed after the settlement, Alkek & Williams Ltd. et al v. Tuckerbrook Alternative Investments L.P. et al., Case No. 4:08-CV-3501, pending in the United States District Court for the Southern District of Texas (the "Alkek Lawsuit"), Tuckerbrook learned of overwhelming evidence of Banerjee's blatant breaches of the settlement agreement by, inter alia, sharing the terms of the confidential agreement with the plaintiff in the Alkek Lawsuit, interfering with Tuckerbrook's business relationships, claiming Tuckerbrook's work product as his own, and disparaging Tuckerbrook and its business. As a result, Tuckerbrook brought a breach of contract action against Mr. Banerjee on October 6, 2009, in the United States District Court for the District of Massachusetts, Tuckerbrook Alternative Investments L.P. v. Sumanta Banerjee, C.A. No. 09-CV-11672-WGY ("Tuckerbrook v. Banerjee II"). This Court recently entered default judgment against Mr. Banerjee for failing to plead or otherwise answer the complaint filed against him months ago. As this Court may recall from the filings in that proceeding, Tuckerbrook was forced to undertake substantial efforts to locate and serve Mr. Banerjee as he played games avoiding service.

In his complaint against Tuckerbrook and its President, John J. Hassett ("Mr. Hassett"), Mr. Banerjee alleges that Tuckerbrook and Mr. Hassett, personally, are liable for a breach of the terms of the parties' September 2008 Settlement Agreement because of the actions of their supposed agents in India. Yet, nowhere in his complaint does Mr. Banerjee even identify who the purported agents of Tuckerbrook are. Taking as part of his complaint the affidavits submitted by his wife and mother does not salvage Banerjee's

---

converting [the] motion to dismiss into [a] motion for summary judgment.") Attached to the accompanying transmittal affidavit of Sean T. Carnathan as Exhibit A is a true, but redacted copy of the settlement agreement, showing the terms of the agreement which Mr. Banerjee has directly put at issue in his complaint.

deficient complaint as the purported facts asserted in those affidavits eliminate rather than support a factual basis for his conclusory claims. Statements made by private investigators acting in connection with pending litigation are privileged.

Mr. Banerjee further asserts a second breach of the parties' 2008 Settlement Agreement based on Mr. Hassett's sworn testimony before the Connecticut Labor Department regarding the financial terms of the parties' Settlement Agreement. The hearing was a quasi judicial proceeding to resolve Mr. Banerjee's claim for unemployment compensation in the state of Connecticut and was, accordingly, entirely privileged.[2]

## STANDARD OF REVIEW

On a motion to dismiss, the Court takes the allegations of the complaint as true, but a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere "labels and conclusions." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007); Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). Broad, sweeping legal conclusions couched as factual allegations are not given the presumption of truthfulness. Id.; see Schaer v. Brandeis Univ., 432 Mass. 474, 477-478 (2000). A complaint's factual allegations must sufficiently "raise a right to relief above the speculative level." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008) (following Bell Atlantic). In order to survive a motion to dismiss, a complaint must contain sufficient factual matter and "facial plausibility" to allow the court "to draw the reasonable inference that the defendant is liable for the alleged misconduct." Ashcroft, 129 S. Ct. at 1949. The

---

[2] The Labor Department ruled against Mr. Banerjee in his efforts to secure unemployment compensation, as he failed to convince it that he was terminated improperly.

4

purpose of Fed. R. Civ. P. 12(b)(6) is to "permit prompt resolution of a case where the allegations in the complaint clearly demonstrate that the plaintiff's claim is legally insufficient." Harvard Crimson, Inc. v. President & Fellows of Harvard College, 445 Mass. 745, 748 (2006).

Mr. Banerjee's hollow complaint against Tuckerbrook and Mr. Hassett is replete with legal conclusions but devoid of any facially plausible factual allegations to support his broad sweeping allegations of wrongdoing and, therefore, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

Mr. Banerjee articulates no actionable claims in his purported complaint. Mr. Hassett, in particular, is not even a party to the agreement he allegedly breached. Mr. Banerjee's vague, facially implausible allegations of defamation and disparagement by the process servers hired to find and serve Mr. Banerjee cannot meet the Bell Atlantic pleading standards. Both statements by the process servers and Mr. Hassett's sworn testimony before the Connecticut Labor Department are privileged.

### I. Mr. Banerjee's Claims Against John Hassett Must Fail, Because He is Not a Party to the Settlement Agreement.

This Court should dismiss the claims against John Hassett individually because Mr. Hassett is not a party to the agreement Banerjee alleges he breached. Accordingly, Mr. Hassett cannot be liable for breach of that agreement. Clark v. Mead Realty Group, Inc., 67 Mass. App. Ct. 491, 497-98 (2006). See also Mietka v. C&S Distributors Corp., 1999 WL 788510 (Mass. App. Div.) ("Appellant was not a party to the contract and, as such, cannot be held liable for breach of contract.").

## II. Mr. Banerjee's Claims for Disparagement by Tuckerbrook's Agents Rely Upon Privileged Statements and in any Event Are Vague, Conclusory and Insufficient to State an Actionable Claim.

Count One of Mr. Banerjee's complaint fails because it depends upon privileged statements and consists of a conclusory and unsupportable assertion that "the action of agents of Tuckerbrook and Mr. Hassett constitute breaches of Settlement Agreement, in terms of disparagement and defamation clauses" [sic]. Mr. Banerjee's broad, sweeping and conclusory allegations that Tuckerbrook hired agents "in India to harass, disparage and defame" him are facially implausible and insufficient to establish a legal claim for which relief can be granted. Indeed, these conclusory allegations are affirmatively belied by the very affidavits Mr. Banerjee incorporates by reference into his complaint.

Taking the Affidavits of Akshita Banerjee (his wife) and Reba Banerjee (his mother) as part of Mr. Banerjee's factual allegations, the Complaint alleges that Tuckerbrook's agents called Dr. P. Biswas "to ascertain the veracity of Dr. Biswas' medical certificate concerning Mr. Banerjee." Affidavit of Akshita Banerjee, ¶ 3; Affidavit of Reba Banerjee, ¶ 2.[3] Similarly, the Banerjees assert that Tuckerbrook's agents made "false, disparaging and defamatory statements" after she arranged to have

---

[3] Prior to Mr. Banerjee's obvious games to avoid service in a related lawsuit pending in this Court, Mr. Banerjee engaged in extensive and patently untruthful efforts to avoid appearing to testify at a deposition in another lawsuit pending in the United States District Court for the Southern District of Texas and despite lawful service and an order from the United States District Court for the District of Connecticut to appear. See Carnathan Aff. Exhs B-D; see also Affidavit of Reba Banerjee, ¶ 2 (explaining that Mr. Banerjee obtained doctor's certificate to excuse himself from testifying) Tuckerbrook hired private investigators to determine the veracity of Mr. Banerjee's dubious claim that he could not travel due to high blood pressure. Carnathan Aff., Ex. D. In direct contradiction of his representations to the Connecticut court while trying to avoid appearing for his deposition, Mr. Banerjee claimed in his recent motion before this Court to file pleadings by email that he needed this accommodation because he is "constantly traveling." (Docket No. 5). His woeful lack of any shred of credibility could not be more plain.

them arrested for "loitering," but they decline to state what they allegedly said to the police. Affidavit of Akshita Banerjee, ¶ 4; Affidavit of Reba Banerjee, ¶¶ 4-6.

Investigating the veracity of a claimed basis to avoid a deposition in connection with pending litigation is not cognizable as disparagement; it is a proper activity that is protected by the litigation privilege. Leavitt v. Bickerton, 855 F. Supp. 455, 458 (D. Mass. 1994) (extending attorney's litigation privilege to cover statements by private investigators: "it is of little significance that the statements made to Mrs. Leavitt's former employers were made by a private investigator and not by an attorney"); see also Taylor v. Swartwout, 429 F. Supp. 2d 209, 214-15 (D. Mass. 2009) (also extending attorney's absolute litigation privilege to cover alleged actions by private investigators).

Having failed to describe any actual defamatory or derogatory statements and failed to explain how he was actually harmed as a result of any such statements, Mr. Banerjee has failed to state a claim. See Second Restatement of Torts, § 558 (To support a claim for defamation a plaintiff must satisfy four elements: (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher [with respect to the act of publication]; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.). In short, Mr. Banerjee's bald, conclusory allegations, predicated on privileged conduct, must fail. See Deering v. Physiotherapy Associates, Inc., 601 F. Supp.2d 368, 378 (D. Mass. 2009) (Broad pleadings are insufficient to notify a party of a specific cause of action).

### III. Banerjee's Claims Fail Because He Has Failed to Allege Facts to Support Tuckerbrook's Liability for any Alleged Statements by Its Alleged Agents.

Assuming for the sake of argument that Mr. Banerjee had pleaded sufficient factual allegations to support his claim that actionable derogatory and defamatory statements were made, his claim nevertheless fails because he has not alleged any facts to support his conclusory assertion that Tuckerbrook hired these men for the express purpose of disparaging and defaming Mr. Banerjee. Indeed, Reba Banerjee's affidavit affirmatively establishes the absence of any responsibility on the part of Tuckerbrook for the allegedly defamatory and disparaging statements when she avers that the speakers were two employees of a security firm called Always, which had been hired by Tuckerbrook. Affidavit of Reba Banerjee, ¶ 6. In the absence of any supporting allegation to make plausible the assertion that Tuckerbrook hired these men to defame Mr. Banerjee in India, this conclusory and facially absurd allegation must fail. Ashcroft, 129 S. Ct. at 1949 (pleading standards require facial plausibility); see Veranda Beach Club Ltd. Partnership v. Western Sur. Co., 936 F.2d 1364, 1376 (1st Cir. 1991) (principal liable only for agent's actions within scope of authority); Theos & Sons, Inc. v. Mack Trucks, Inc. 431 Mass. 736, 743 (2000) (An agency relationship is created when there is mutual consent that the agent is to act on behalf and for the benefit of the principal, and subject to the principal's control.) Restatement (Second) of Agency §§ 7, 8 (1958) ("Even where an agent-principal relationship exists, however, the principal has liability for the agent's acts toward third parties **only if** the agent was acting within the scope of the actual or apparent authority of the principal.") (emphasis added). With no such allegations to support the conclusion that these men acted in the scope of their authority, Banerjee's claims must fail.

At every turn, Mr. Banerjee fails to meet the pleading requirements of Fed. R. Civ. P. 8(a) and fails to state a claim based on plausible factual allegations upon which relief can be granted. The deficient pleadings and scant factual allegations do not support the legal conclusions set forth in Banerjee's complaint which, therefore, should be dismissed with prejudice.

### IV. Count II Fails Because Mr. Hassett's Testimony is Privileged.

Witnesses enjoy absolute immunity for the testimony they provide in the course of judicial proceedings or adjudications before administrative agencies. Cignetti v. Healy, 89 F. Supp.2d 106, 113 (D. Mass. 2000); see also Gallo v. Barile, 935 A.2d 103, 107 (Conn. 2007) ("statements made in the course of quasi-judicial proceedings, like those made in the course of judicial proceedings, are [also] subject to an absolute privilege"); see also Craig v. Stafford Construction, Inc., 856 A.2d 372, 379 (Conn. 2004) (statements made in the context of a quasi-judicial investigation are also afforded absolute privilege). In its lengthy discussion of the public policy reasons supporting a witness's absolute testimonial immunity, the Supreme Court of Connecticut states:

> 'The policy underlying the privilege is that in certain situations the public interest in having people speak freely outweighs the risk that the individuals will occasionally abuse the privilege by making false and malicious statements... The rationale underlying the privilege is grounded upon the proper and efficient administration of justice... Participants in a judicial process must be able to testify or otherwise take part without being hampered by fear...' 'Put simply, absolute immunity furthers the public policy of encouraging participation and candor in judicial...proceedings. This objective would be thwarted if those persons who the common-law doctrine was intended to protect nevertheless faced the threat of suit.'

Gallo, 935 A.2d at 107-108, quoting respectively Hopkins v. O'Connor, 925 A.2d 1030, 1042 (Conn. 2007) and Chadha v. Charlotte Hunderford Hospital, 865 A.2d 1163, 1171 (Conn. 2005).

Count II is based upon Mr. Hassett's testimony before the Connecticut Labor Department in May of 2009 in connection with Mr. Banerjee's claim for unemployment compensation from the state of Connecticut. This testimony is entirely privileged as a matter of law and cannot form the basis for a cognizable claim.

## CONCLUSION

Based on the foregoing, this Court should dismiss both counts of Mr. Banerjee's complaint for failure to state a claim upon which relief can be granted and award the Defendants their costs and such other and further relief as the Court deems just.

TUCKERBROOK ALTERNATIVE INVESTMENTS, L.P. and JOHN HASSETT,

By their attorneys,

/s/ Sean T. Carnathan
Thomas N. O'Connor (BBO #377185)
Email: toconnor@ocmlaw.net
Sean T. Carnathan (BBO #636889)
Email: scarnathan@ocmlaw.net
Meaghan M. Fitzpatrick (BBO #653905)
Email: mfitzpatrick@ocmlaw.net
O'Connor Carnathan & Mack LLC
8 New England Executive Park, Suite 310
Burlington, MA 01803
Telephone: 781.359.9000
Facsimile: 781.359.9001

July 27, 2010

## CERTIFICATE OF SERVICE

I, Sean T. Carnathan, hereby certify that a true and accurate copy of the foregoing Motion to Dismiss has been filed and served through the Court's electronic filing system, this 27th day of July, 2010 and that a hard copy has been forwarded directly to the Defendant by U.S. Mail.

/s/ Sean T. Carnathan
Sean T. Carnathan